HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK SUPANICH, a single man individually and as guardian for S.S., a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN RUNDLE and JANE DOE RUNDLE, and their marital community; SANDY PEDIGO, a single woman; KATHRYN NELSON and JOHN DOE NELSON, and their marital community; JULIA KAY and JOHN DOE KAY, and their marital community; DOES 1-100, unknown individuals,<br><br>Defendants. | Case No. C10-5008RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court sua sponte.

On January 7, 2010 Plaintiff filed a proposed Complaint, a Motion to Proceed *In Forma Pauperis,* and a Motion to Appoint Counsel. On January 22, 2010 the Court entered an Order granting Plaintiff's Motion to Proceed *In Forma Pauperis*, denying his Motion to Appoint Counsel, and directing the Clerk to file the Complaint. Plaintiff's Complaint named as Defendants, Kevin Rundle (and Jane Doe Rundle), Sandy Pedigo, Pierce County Superior Court Judge Kathryn Nelson (and John Doe Nelson), Julia Kay (and John Doe Kay) and Does 1-100.

On February 24, 2010 Plaintiff provided the Clerk with service copies of his Complaint and U.S. Marshal Service Forms for the named Defendants. However, Plaintiff also provided a proposed Amended

ORDER
Page - 1

1  Complaint naming over 20 new Defendants together with service copies of the Amended Complaint and
2  U.S. Marshal Service Forms for all Defendants.
3       Although Fed. R. Civ. P. 15(a) provides that a party may generally amend its pleading once as of
4  right within 21 days of service, the Court declines to file the proposed Amended Complaint and to direct
5  its service for several reasons.  First the proposed Amended Complaint does not incorporate the claims
6  from the original Complaint nor does it name the original Defendants.  Instead, the Amended Complaint
7  purports to incorporate the original Complaint by reference.  This is not permitted.  An Amended
8  Complaint must be a stand alone pleading that contains all causes of action sought to be brought and
9  names all Defendants sought to be sued.  Second, the Amended Complaint names Defendants that it is
10 doubtful the Court has personal jurisdiction over (e.g., Montana DSHS) or where subject matter
11 jurisdiction exists (e.g., Tacoma YWCA and its Director).  Third, the Amended Complaint has as
12 attachments arguments as to what the law is, photographs, letters and other personal information that are
13 not necessary or appropriate inclusions in a Complaint.  A Complaint need only contain "a short and plain
14 statement" of the claim showing that Plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a).  To state a claim
15 under 42 U.S.C. § 1983, Plaintiff must simply demonstrate that each Defendant was acting under color of
16 state law, and that the Defendant's conduct deprived Plaintiff of rights, privileges, or immunities secured
17 by the United States Constitution or by federal law.  *See Parratt v. Taylor,* 451 U.S. 527, 535 (1981),
18 *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).  And, finally, the Court directed
19 service of the original Complaint as presented and did not authorize service of an Amended Complaint.
20      Due to the nature of the Complaint and considering Plaintiff's pro se status, Plaintiff must file a
21 Motion to Amend his Complaint (prepared in accordance with Rule 8(a)) after service of the original
22 Complaint has been effected.  The two boxes of service copies of Plaintiff's deficient proposed Amended
23 Complaint will be retained by the Clerk for 30 days during which time Plaintiff may retrieve them.  After
24 such time they may be destroyed.
25
26
27
28

1  The United States Marshal shall serve Plaintiff's original Complaint on the Defendants named
2 therein in accordance with this Court's previous Order.
3  **IT IS SO ORDERED.**
4  The Clerk shall send uncertified copies of this order to all counsel of record, and to any party
5 appearing pro se.
6  Dated this 12th day of March, 2010.

                      RONALD B. LEIGHTON
                      UNITED STATES DISTRICT JUDGE