HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK SUPANICH, a single man individually and as guardian for S.S., a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN RUNDLE and JANE DOE RUNDLE, and their marital community; SANDY PEDIGO, a single woman; KATHRYN NELSON and JOHN DOE NELSON, and their marital community; JULIA KAY and JOHN DOE KAY, and their marital community; DOES 1-100, unknown individuals,<br><br>Defendants. | Case No. C10-5008RBL<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTION TO DISQUALIFY [Dkt. #s 12, 26, 37, 41] |

THIS MATTER comes before the Court on Motions to Dismiss by Defendants Judge Kathryn Nelson and John Doe Nelson [Dkt #12, 26] and Defendant Kevin Rundle [Dkt # 37] and a Motion to Disqualify Prosecuting Attorney by Plaintiff [Dkt #41].

Plaintiff alleges that Pierce County Superior Court Judge Kathryn Nelson (and John Doe Nelson) and Kevin Rundle (and Jane Doe Rundle) conspired with other Defendants to violate his civil rights and those of S.S., a minor for whom he claims to act as guardian. The allegations directed against Judge Nelson and Rundle center around a series of hearings in, and orders issued by, the Pierce County Superior Court between April 2004 and March 2008. Judge Nelson presided over those proceedings, and Attorney Rundle represented Defendant Sandy Pedigo. Plaintiff remains involved in a dissolution action before

ORDER
Page - 1

that court. [Dkt. #27 Ex. A]

Judge Nelson and Mr. Rundle each seek dismissal of Plaintiff's claims, arguing that this Court lacks subject matter jurisdiction to hear a case arising from the actions in Superior Court, and that the Plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff argues in response that this is an independent claim, and he moves to disqualify the Pierce County Prosecuting Attorney from representing Judge Nelson.

**A.    Motion to Disqualify**

Plaintiff moves to disqualify the Pierce County Prosecuting Attorney from representing Judge Nelson and John Doe Nelson on the basis that he is suing her for private acts undertaken in her individual capacity. Prosecuting attorneys are required to appear and represent the counties in all civil proceedings in which they may be a party. RCW 36.27.020(4). Further, Pierce County agrees as a condition of employment to defend all officers and employees, as well as their spouses, in civil actions arising out of their performance of or good faith attempt to perform official duties. PCC 2.120.010. On the other hand, prosecuting attorneys are barred from the private practice of law except in limited circumstances. RCW 36.27.060.

Plaintiff bases his claims against Judge Nelson and John Doe Nelson entirely on acts performed by Judge Nelson in her capacity as a Pierce County Superior Court Judge. Plaintiff's claim that he is suing in her private capacity, and that her acts were not part of the judicial process, are contrary to the account given in the Complaint. She is entitled to the services of the Pierce County Prosecuting Attorney. The Prosecuting Attorney is representing her as an employee of the County, not as a private citizen. The Motion to Disqualify [Dkt. #41] is therefore DENIED.

**B.    Motions to Dismiss**

Judge Nelson and Rundle argue that this Court does not have subject matter jurisdiction to hear claims related to actions in Superior Court, and the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Additionally, they argue that Plaintiff has failed to state a claim against them and that the Complaint against them should therefore be dismissed pursuant to Rule 12(b)(6).

First, it must be determined whether this Court has subject matter jurisdiction over Plaintiff's claims. Judge Nelson correctly points out that because Plaintiff's claims arise out of judicial proceedings

in a state court, this court lacks subject matter jurisdiction to sit in review of those proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-85 (1983). Plaintiff urges that his claims for deprivation of civil rights are a separate claim offering an independent basis for subject matter jurisdiction and he does not seek to review the results of those proceedings, but a decision on Plaintiff's claims would inevitably involve a review of the constitutionality of Judge Nelson's application of the law in Plaintiff's cases before her. Additionally, Plaintiff's claims against Rundle are based in his alleged conspiring with Judge Nelson, so these claims also require review of Judge Nelson's rulings. This Court lacks subject matter jurisdiction to undertake such a review. The claims must be dismissed.

Further, while the Complaint with regard to Judge Nelson and Rundle can be dismissed for lack of subject matter jurisdiction, it is worth noting that Plaintiff's complaint also fails to state a claim upon which relief can be granted. While under Rule 8(a) a complaint need only contain "a short and plain statement" of the claim showing that Plaintiff is entitled to relief, a complaint may be dismissed under Rule 12(b)(6) based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Review is limited to the content of the complaint [and properly incorporated documents], and all allegations of material fact must be taken as true, and construed in the light most favorable to the non-moving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). Under *Bell Atlantic Corp. v. Twombly*, a litigant cannot simply recite the elements of a cause of action to avoid dismissal under this Rule. He must instead "provide the grounds of his entitlement to relief, which requires more than labels and conclusions." 550 U.S. 544, 555 (2007). The litigant must plead a claim that moves "across the line from conceivable to plausible." *Id*. at 570.

To state a claim under 42 U.S.C. § 1983, Plaintiff must demonstrate that each Defendant was acting under color of state law, and that the Defendants' conduct deprived Plaintiff of rights, privileges, or immunities secured by the United States Constitution or by federal law. *See Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

Plaintiff's complaint fails to present more than conclusory statements in support of his claim that the actions of Defendants Judge Nelson and Rundle deprived him of his constitutional rights. While he does plead facts to support the allegation that they acted under color of law (by pointing to the judicial

proceedings and orders), Plaintiff offers no facts to suggest impropriety in these proceedings. Instead, he labels the proceedings a "sham" and their results "corrupt" without offering facts that show that the proceedings lacked legitimacy or propriety in any way. Nor has Plaintiff demonstrated how the actions of Judge Nelson and Rundle deprived him of any constitutional right. Instead, after recounting the history of his claim and offering occasional insinuations of impropriety, he simply asserts that the "acts and omission stated herein" deprived him of constitutional rights "under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments." Dkt. #5. To state a claim for relief, Plaintiff must do more than attach accusatory adjectives to these actions and make conclusory statements about their effect; he must show how they were improper, clearly identify what rights he was deprived of, and state how the actions of Defendants caused that deprivation.

Further, in order to plead a conspiracy to deprive him of his constitutional rights, Plaintiff must plead facts showing that the Defendants agreed to act with a common objective, and that the conspiracy included some overt act that deprived him of a constitutional right. *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). Plaintiff also fails to support his allegation of a conspiracy among Defendants. In fact, he appears to have merely attempted to recast normal court proceedings as a series of "corrupt meetings" that he argues constitute a conspiracy. He does state that Judge Nelson and Rundle entered into a "corrupt agreement" and had a common "purpose of inflicting emotional harm on the Plaintiffs." Without alleging facts that support the assertion that there was an agreement or show a reason for the Defendants wishing to inflict harm, this constitutes only a bare recitation of the elements of conspiracy similar to that found insufficient to cross the line into plausibility in *Twombly*. *See* 550 U.S. at 566-70. Thus, Plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

Finally, Plaintiff's state tort claims suffer from the same deficiencies. While in closing, Plaintiff lays out tort claims for "custodial interference, assault, battery, kidnapping, abuse of a child, negligent endangerment of a child, malicious prosecution, invasion of privacy, defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, and abuse of process," he does nothing to relate the facts alleged to these claims, and the connection is not readily apparent. Thus, Plaintiff also fails to state a claim upon which relief can be granted under state tort laws.

1   For these reasons, Defendants Nelsons' [Dkt. #12, 26] and Defendants Rundles' [Dkt. #37]
2  Motions to Dismiss are GRANTED and Plaintiff's claims against them are dismissed with prejudice.
3  **IT IS SO ORDERED.**
4  Dated this 21st day of June, 2010.

*/s/ Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE