HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK SUPANICH, a single man individually and as guardian for S.S., a minor child,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN RUNDLE and JANE DOE RUNDLE, and their marital community; SANDY PEDIGO, a single woman; KATHRYN NELSON and JOHN DOE NELSON, and their marital community; JULIA KAY and JOHN DOE KAY, and their marital community; DOES 1-100, unknown individuals,<br><br>Defendants. | Case No. C10-5008RBL<br><br>ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

## I. SUMMARY

This matter is before the Court on Defendants Julia Kay, John Doe Kay, and Sandy Pedigo's Motions for Summary Judgment.[1] Dkt. #s 49, 53. Plaintiff Mark Supanich sued Defendants on behalf of

---

[1] Kay and Pedigo moved for Summary Judgment separately, but the Court will combine their motions for purposes of this order. Although the motions are not identical, the arguments in each apply equally to Supanich's claims and will be addressed as such.

himself and his daughter, S.S. Supanich[2] asserts claims under 42 U.S.C. § 1983, alleging conspiracy to violate his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Supanich also alleges state law claims for custodial interference, assault, abuse of a child, negligent endangerment of a child, malicious prosecution, invasion of privacy, defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, and abuse of process. Dkt. #5.

For the reasons set forth below, the Defendants' motions are GRANTED.

## II. BACKGROUND

The facts are set forth in the light most favorable to the non-moving Plaintiff. S.S. is the daughter of Defendant Pedigo and Plaintiff Supanich. Defendant Kay is a social worker who worked with S.S. from 2002 until 2004. In 2004, both Pedigo and Supanich sought to modify their parenting plan regarding S.S. Kay testified at Pedigo and Supanich's custody modification hearing in 2004. At the conclusion of that hearing, the Pierce County Superior Court designated Pedigo as S.S.'s primary custodian, and ordered Supanich to attend a parenting class and a batterers' treatment program. Dkt. #50, Ex. 2 at 19-20. But before the court was able to enter a final order, Supanich left the area with S.S.

In September 2006, the U.S. Marshals found and arrested Supanich in Montana. Montana CPS workers contacted Defendant Kay about where to place S.S., based on Kay's previous work as S.S.'s social worker. Dkt. #52. Kay had Pedigo's written permission to discuss the case with Montana CPS. *Id.* Montana CPS ultimately placed S.S. in Pedigo's care. Def. Kay's Mot. Summ. J. at 9.

As the result of his taking S.S., in 2006 Supanich was criminally charged with custodial interference in King County Superior Court. Meanwhile, the Pierce County Superior Court entered a temporary no-contact order against Supanich, prohibiting him from contacting S.S., and scheduled a hearing on the no-contact order for May 29, 2007. Dkt. #50, Ex. 2 at 20. That hearing date was

---

[2]For reasons discussed below in part III-C, Supanich does not have standing to bring claims on behalf of S.S. Accordingly, this order will refer to Supanich singularly as the only Plaintiff.

continued multiple times, pending the outcome of Supanich's criminal trial in King County Superior Court. *Id.* In December 2007, a King County jury acquitted Supanich of all charges. *Id.* Supanich requested contact with his daughter, and the Pierce County Superior Court denied the request, pending the hearing regarding the no-contact order between Supanich and S.S., which was then scheduled for March 14, 2008.

At the March 14, 2008 hearing, the Superior Court heard testimony from Pedigo and Kay regarding S.S. on whether there had been a substantial change in circumstances requiring modification of Pedigo and Supanich's parenting plan. Dkt. #63, Ex. 6. The court ultimately found that Supanich had been abusive toward S.S. and had a history of domestic violence, and that it was in the child's best interest to be with her mother. Dkt. #50, Ex. 1 at 5. The court entered a temporary restraining order prohibiting Supanich from contacting his daughter. Dkt. #63, Ex. 6 at 51. The court also entered a temporary modified parenting plan denying Supanich visitation or contact with S.S., until Supanich completed a batterers' treatment program, comprehensive parenting classes, and a psychological evaluation. Dkt. #50, Ex. 1 at 10. Supanich did not appear at the hearing, or at the subsequent April 11, 2008 hearing at which the court's March orders were finalized. Supanich did appeal the court's orders. The Court of Appeals affirmed, *Id.,* Ex. 2 at 19-25, and the State Supreme Court denied review.

On January 7, 2010, Supanich filed a Complaint for Damages for Violation of Civil Rights and Conspiracy to Violate Civil Rights under 42 U.S.C. § 1983 et seq. Dkt. #5. Supanich's claims against Defendants Kathryn Nelson, John Doe Nelson, Kevin Rundle, and Jane Doe Rundle were dismissed with prejudice by this Court on June 21, 2010, for lack of subject matter jurisdiction and for failure to state a claim. Dkt. #46.

The remaining defendants, Kay and Pedigo, now move for summary judgment. They argue that (1) this Court does not have jurisdiction over this matter; (2) Supanich does not have standing to bring claims

on behalf of his daughter because he does not have custody of her; (3) Supanich has not produced evidence sufficient to support the asserted state or federal claims; and (4) Supanich's federal and state law claims are time barred.

Supanich responds that (1) this Court does have jurisdiction; (2) Washington State Courts have no authority to award custody and thus, Supanich does have custody sufficient to bring a claim on S.S.'s behalf; (3) Defendants have not proven that Supanich is unable to produce sufficient evidence during discovery; and (4) no limitations periods have run because Supanich asserts violations as late as March 2008, and because limitations periods for minors are tolled when the minor reaches the age of majority.

### III. DISCUSSION

**A.    Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact to preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

**B.    This Court Does Not Have Jurisdiction Over This Matter.**

Defendants argue that this Court does not have jurisdiction over Supanich's claims because Pedigo and Supanich's child custody case remains open in Pierce County Superior Court. It is well-settled that

federal courts must abstain from asserting jurisdiction when there are existing state proceedings. *Younger v. Harris*, 401 U.S. 37, 41 (1971). The Ninth Circuit has ruled that *Younger* abstention applies if there are ongoing state proceedings regarding important state interests and those proceedings are a proper avenue to raise federal claims. *Hirsh v. Justices of the Supreme Court of State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995). The Supreme Court has long recognized that issues regarding child custody are matters to be resolved by the state courts. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004).

Supanich's assertions against Pedigo and Kay could have been raised in the March 2008 no-contact order and parenting plan modification hearing. Both Kay and Pedigo testified at that hearing and Supanich would have had the opportunity to cross examine each of them if he had chosen to attend. Instead, Supanich did not attend that hearing, or the hearing in April, when the court finalized its orders. Because there are ongoing proceedings addressing important state law matters and Supanich has an opportunity to raise his claims in those state proceedings, the *Younger* abstention doctrine applies. Therefore, this Federal District Court does not have jurisdiction to hear Supanich's claims and they are, accordingly, dismissed.

**C.   Plaintiff Supanich Does Not Have Standing To Bring This Claim On Behalf of His Daughter.**

Defendants move for summary judgment on the ground that Supanich does not have standing to bring a claim on behalf of his daughter because he has neither legal custody nor guardianship of S.S. Under Washington law, children may not be a party to a lawsuit unless they are represented by a guardian. RCW 4.08.050. A parent without guardianship status and without legal custody does not have standing to bring claims on behalf of a child. *United States v. Bennett*, 147 F.3d 912, 914 (9th Cir. 1998), *citing* RCW 4.08.050. Supanich does not have legal custody of his daughter, *see* Dkt. #50, and the record does not reflect that he has ever petitioned for guardianship of his daughter.

ORDER
Page - 5

Supanich argues that *Bennett* does not control because "[i]t is beyond arguable that an appellate opinion which holds that the district court lacked jurisdiction is an opinion which cannot rule on the merits of the claim." Pl.'s Resp. Pedigo Mot. Summ. J. 4. The *Bennett* court held that the defendant did not have standing to bring a claim on behalf of his daughter because he had neither legal custody nor guardianship of her. *Bennett*, 147 F.3d at 914. The Ninth Circuit held that the district court should never have reached the merits of defendant's claim because of his lack of standing. *Id.* at 915. The court vacated the district court's ruling and remanded the case, with orders for the district court to dismiss defendant's claims. *Id.* The *Bennett* court's holding that a party who has neither legal custody nor legal guardianship of a minor child may not bring a claim on behalf of that minor child is controlling. Absent custody, Supanich does not have standing to bring any claims on behalf of his daughter.

Supanich also argues that Washington State Courts do not have authority to award custody, and therefore that he does not lack custody, and furthermore, that he has standing to bring a claim for S.S. Supanich relies on RCW 26.09.285, which states, "a parenting plan shall designate the parent with whom the child is scheduled to reside a majority of the time as the custodian of the child. However, this designation shall not affect either parent's rights and responsibilities under the parenting plan." RCW 26.09.285.

Supanich is a pro se plaintiff and his legal arguments are not always clear, but the Court reads Supanich's response to have conflated parental rights and responsibilities with custodial rights. Parental rights and responsibilities mean that, regardless of custody, each parent has an obligation to care for their child. It does not mean, as Supanich appears to suggest, that both parents have equal rights to custody of the child. The Superior Court entered a final modified parenting plan order in April 2008 stating that custody was awarded to Pedigo until Supanich abided by the court's orders.[3] Dkt. #50, Ex. 1 at 14. Since

---

[3] Supanich was ordered to take parenting classes, batterers' treatment classes, and undergo a psychological evaluation before the court would consider lifting the restraining order between Supanich and S.S. Dkt. #50, Ex. 1 at 14.

ORDER
Page - 6

Supanich has not complied with these orders, *Id.*, Pedigo retains custody. Without custody or guardianship of his daughter, Supanich does not have standing to bring a claim on her behalf.

Therefore, Defendants' motions to dismiss Supanich's claims on behalf of S.S. for lack of standing are GRANTED and Supanich's claims on behalf of S.S. are dismissed with prejudice.

**D.     Supanich Has Failed to Offer Evidence Establishing a Conspiracy Claim.**

Defendants move for summary judgment on Supanich's federal claims on the ground that he has failed to establish the requisite elements of a conspiracy. Supanich claims that Pedigo and Kay's participation in state court proceedings with Judge Nelson and Attorney Rundle demonstrates a conspiracy.

To state a claim under 42 U.S.C. § 1983,[4] Supanich must prove that Defendants were acting under color of state law and that Defendants' conduct deprived him of his constitutional rights. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Neither Pedigo nor Kay is a state actor. "In cases under § 1983, 'under color of law' has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982), *quoting United States v. Price*, 383 U.S. 787, 794 n. 7 (1966). Thus, in order to prove that these Defendants acted under color of state law, Supanich must demonstrate a connection to a state actor or state action.

Supanich argues that even though Judge Nelson was dismissed from the suit, she is a state actor and Defendants' participation in court proceedings demonstrates the connection between the private individuals and the state actor. Supanich cites *Dennis v. Sparks*, 449 U.S. 24 (1980), which held that even

---

[4] Although Supanich alleges conspiracy, he has not pled 42 U.S.C. § 1985, the appropriate statute regarding conspiracy to interfere with civil rights. It is worth noting, however, that even under § 1985, Supanich's claim fails to produce any evidence which shows that Defendants conspired against him in an effort to deprive him of his constitutional rights.

when a judge is immune from § 1983 claims and properly dismissed for immunity, this does not mean private individuals must necessarily be dismissed. *Dennis*, 449 U.S. at 28. However, *Dennis* also held that "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Id.*

In the instant case, Judge Nelson was dismissed not for purposes of immunity, but because Supanich failed to state a claim against the Judge demonstrating her involvement in a conspiracy. Second, regardless of the reasons for the Judge's dismissal, Supanich has failed to explain how Pedigo or Kay did anything more than participate in court proceedings in which the outcome favored Pedigo, not Supanich.[5] As this Court found in its dismissal of Defendants Nelson and Rundle, Supanich "appears to have merely attempted to recast normal court proceedings as a series of 'corrupt meetings' that he argues constitute a conspiracy." Dkt. #46 at 4.

Defendants argue that even if the Defendants' connection to Judge Nelson demonstrates state action, Supanich has not demonstrated how Defendants' actions were conspiratorial, or how they deprived him of his constitutional rights. Supanich claims that Kay told Montana CPS in 2006 that she planned to begin working with S.S. again upon her return to Pedigo. Supanich points to this alleged statement and her subsequent testimony at the March 2008 hearing as evidence of conspiratorial acts. Supanich claims Pedigo's conversations with her attorney and her use of the police and the court system when S.S. was missing are evidence of Pedigo's conspiratorial acts. There is nothing to suggest anything improper about Kay's conversation with CPS, or her testimony in the March 2008 custody hearing. Nor

---

[5] Also notable is the fact that the *Sparks* Court said the complaint was not deficient for failing to allege that private parties were acting under color of state law for purposes of a F.R.C.P. 12(b)(6) motion. However, here, Defendants seek summary judgment, and Supanich's burden becomes not whether his complaint sufficiently alleged claims, but whether Supanich has produced sufficient evidence demonstrating the validity of his claims. *See Celotex*, 477 U.S. at 324. Supanich has failed to produce such evidence.

is there any evidence that suggests that Pedigo's use of judicial and police resources are conspiratorial in any way. Supanich has simply offered no evidence whatsoever in support of his conspiracy claim.

Defendants argue that because Supanich has not met his burden of producing evidence, his claims must be dismissed on summary judgment. Supanich asserts that "[a]ll that is needed to state a claim for conspiracy is to describe the conspiracy and then describe at least a single act of each conspirator that is done in furtherance of the conspiracy." Pl.'s Resp. Kay Mot. Summ. J. 2.

This is not the law. Summary judgment requires the non-moving party to offer evidence demonstrating his assertions. *Triton Energy*, 68 F.3d at 1220. Supanich's accusations are not evidence. His belief that he is favored by "silence" from Pedigo and Kay in their summary judgment motions regarding his accusations is incorrect. Supanich is required to produce admissible evidence showing there is a genuine issue of material fact. *Celotex*, 477 U.S. at 324. Defendants' motions for summary judgment on this issue are, therefore, GRANTED, and Supanich's § 1983 claims against both defendants are dismissed with prejudice.

**E.   Plaintiff Has Failed to Offer Evidence in Support of Any of His State Law Claims.**

**1)   Custodial Interference.**

Defendants seek summary judgment on Supanich's state law custodial interference claim, arguing that Supanich has not offered any evidence to prove the elements of custodial interference. To prove custodial interference, Supanich must show maliciousness that "is an unjustifiable interference with the relationship between parent and child." *Strode v. Gleason*, 9 Wn.App. 13, 20 (1973).[6] To defeat summary judgment, Supanich must produce evidence demonstrating that Kay's and Pedigo's actions maliciously interfered with his relationship with S.S.

---

[6]*Strode v. Gleason* has not been overruled and remains precedent for Washington courts, despite Supanich's suggestions to the contrary.

Supanich relies on Kay's conversation with CPS and her testimony in the 2008 proceedings as evidence in support of his custodial interference claim. Kay's opinion, which was sought by Montana CPS, is not "interference" or "taking sides," as a matter of law. Kay spoke with CPS with Pedigo's permission, the discussion was related to the well-being of S.S., and was in Kay's capacity as a social worker. *See* RCW 18.225.105(5) (allowing social workers to disclose information if they have received permission and the information is necessary to render professional services). There is no evidence to the contrary. There is also no evidence that Kay's testimony in the 2008 proceedings was anything more than a normal court proceeding. Testimony that is contrary to Supanich's interest is not, by itself, evidence of malice or unjustifiable interference. Supanich has not produced any evidence to show Kay maliciously interfered with his custodial rights.

Supanich also complains that Pedigo's conversations with her attorney, her use of police and judicial resources in her search for her daughter, and her participation in the custody court proceedings are evidence that Pedigo interfered with custody. Again, Supanich fails to provide any evidence of how these actions were malicious. The court ultimately awarded Pedigo custody of S.S. and entered a restraining order against Supanich. However, a verdict that favors Pedigo over Supanich is not evidence of malicious interference. Supanich has not established (and on the record, cannot establish) that Pedigo's actions were anything more than that of a typical mother searching for her missing child and using the court system to help determine what is best for her child.[7]

Conclusory allegations are not evidence. To defeat summary judgment, Supanich must produce evidence in support of his claims. *Celotex*, 477 U.S. at 324. Supanich has done nothing more than make

---

[7] It should be noted that although Supanich makes vague references in his complaint to a conversation between Pedigo and an Auburn police detective regarding Supanich's history of violence, he at no point in his complaint or his responses to Defendants' motions for summary judgment denies the findings of the state court regarding his past treatment of S.S. and her mother. He also does not claim to have completed the various treatments ordered by the Superior Court.

ORDER
Page - 10

blanket assertions that custodial interference has occurred. None of the alleged actions are sufficient evidence that Pedigo or Kay maliciously interfered with Supanich's relationship with S.S. as a matter of law.

Defendants' motions for summary judgment on this issue are, therefore, GRANTED, and Supanich's custodial interference claims against both defendants are dismissed with prejudice.

**2)     Assault, Battery, Kidnapping, Abuse of a Child and Negligent Endangerment of a Child.**

Defendants seek dismissal of Supanich's assault, battery, kidnapping, abuse of child, and negligent endangerment of a child claims, on the ground that Supanich has failed to produce any evidence in support of these claims. Supanich does not address these claims in his response. He does state that he may be able to prove the abuse of child and negligent endangerment of child claims once discovery occurs. Supanich's assertion that discovery would produce such evidence is insufficient. His assertion that because he has had no contact with S.S. he is unable to determine any abuse is not compelling. Supanich's obligation in response to a summary judgment motion is to produce admissible evidence in support of each element of his claim, demonstrating there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. Supanich has failed to meet his burden and has provided no evidence in support of these claims.

Defendants' motions for summary judgment on these issue are, therefore, GRANTED, and Supanich's assault, kidnapping, abuse of child, and negligent endangerment of a child claims against both defendants are dismissed with prejudice.

**3)     Malicious Prosecution and Abuse of Process.**

Defendants move for summary judgment on the malicious prosecution and abuse of process claims, arguing that Supanich has produced no evidence in support of these claims. Supanich has agreed that these charges are not applicable to Defendant Kay, and his response does not detail how they are applicable to Pedigo. Malicious prosecution requires Supanich to prove "1) that the prosecution claimed

to have been malicious was instituted or continued by the defendant; 2) that there was want of probable cause for the institution or continuation of the prosecution; 3) that the proceedings were instituted or continued through malice; 4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and 5) that the plaintiff suffered injury or damage as a result of the prosecution." *Saldivar v. Momah*, 145 Wn.App. 365, 389 n.15 (2008). To prove abuse of process, Supanich must demonstrate "(1) the existence of an ulterior purpose to accomplish an object not within the proper scope of the process, and (2) an act in the use of legal process not proper in the regular prosecution of the proceedings." *Mark v. Williams*, 45 Wn.App. 182, 191 (1986).

Assuming Supanich relies on the custody proceedings in either or both 2004 and 2008, Supanich has again failed to provide any evidence to demonstrate that the custody proceeding was anything out of the ordinary, and the record does not support the claim that they were. The only factor Supanich can establish is that the proceedings terminated in favor of Pedigo. But, there is no evidence to suggest that is because of malice, abuse, or an ulterior motive. Supanich has again not met his burden of producing evidence to establish each element of his claims, and thus, cannot survive summary judgment.

Defendants' motions for summary judgment on these issues are, therefore, GRANTED, and Supanich's malicious prosecution and abuse of process claims against both defendants are dismissed with prejudice.

**4)    Invasion of Privacy and Defamation.**

Defendants seek summary judgment arguing that Supanich has not met his burden of proving the elements of invasion of privacy and defamation claim. To prove invasion of privacy, Supanich must show that Defendants publicly disseminated offensive information that is of no concern to the public and without concern for Supanich's private life. *Reid v. Pierce County*, 136 Wn.2d 195, 205 (1998). Defamation requires Supanich to prove: "(1) falsity; (2) an unprivileged communication; (3) fault; and (4)

damages." *Valdez-Zontek v. Eastmont School District*, 154 Wn.App. 147, 157 (2010). Thus, Supanich must produce evidence that shows Kay and Pedigo publicly disseminated offensive information and defamed Supanich's name with false, unprivileged statements.

In support of his claim for invasion of privacy, Supanich alleges that Kay's conversation with Montana CPS was public because it involved a public employee. Kay gave Montana CPS her professional opinion regarding S.S.'s placement. The conversation was not public and none of the information Kay revealed to CPS was disseminated to the general public.

Even if it was, Supanich has not provided any evidence establishing the elements of invasion of privacy. Further, it is unclear how the invasion of privacy claim applies to Pedigo. Supanich has not met his burden of providing admissible evidence that could lead a trier-of-fact to find in his favor. *See Triton Energy*, 68 F.3d at 1220. Defendants' motions for summary judgment on this issue are, therefore, GRANTED, and Supanich's invasion of privacy claim against both defendants is dismissed with prejudice.

In support of his defamation claim, Supanich argues that Kay's conversation with Montana CPS included false statements and speculates that others may exist. Supanich does not explain what statement made by Kay was false. He states that Kay's conversation was unprivileged because it was not part of her therapy for S.S. This is incorrect. Kay received written permission from Pedigo to speak with Montana CPS, so her conversation was not unprivileged. *See* RCW 18.225.105(1). The fact that the statement did not occur while Kay was providing therapy to S.S. is irrelevant. Speculation on whether other conversations exist is not acceptable. Supanich's burden in response to a summary judgment motion is to bring forth all evidence that supports his claims. Supanich has not articulated, much less demonstrated, any false statement and the one statement Supanich cites was privileged. Thus, Supanich has not met his burden in producing evidence in support of his allegation that Kay's conversation was defamatory.

Supanich points to statements made by Pedigo when S.S. and Supanich were missing to prove defamation. To aid her search for S.S., Pedigo asked a local trucking company to place photographs of S.S. on the side of trucks. Supanich claims that Pedigo falsely told the trucking company that Supanich had abused her and S.S. "for the purpose of ensuring maximum urgency in the public perception for locating" Supanich and S.S. Pl.'s Comp., 4. Supanich has no evidence to demonstrate that these statements were uttered, or, indeed, that they were false. The Superior Court found that Supanich had abused Pedigo in the past and had a history of domestic violence. Dkt. #50 at 5. Supanich has not offered any evidence in support of his claim that Pedigo's statements defamed him.[8] Defendants' motions for summary judgment on this issue are, therefore, GRANTED, and Supanich's defamation claim against both defendants are dismissed with prejudice.

### 5) Intentional Infliction of Emotional Distress (IIED) and Negligent Infliction of Emotional Distress (NIED).

Defendants seek summary dismissal of Supanich's IIED and NIED claims for failure to produce evidence in support of them. IIED, which is the same tort as outrage, requires proof of three elements: extreme or outrageous conduct, intentional or reckless infliction of distress, with the result that severe distress occurred. *Kloepfel v. Bokor*, 149 Wn.2d 192, 194-95 (2003). Claims for IIED "must be predicated on behavior 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'." *Id.* at 196, *quoting Grimsby v. Samson*, 85 Wn. 2d 52, 59 (1975). For NIED, a plaintiff must first show the elements of negligence: duty, breach, causation, and injury. *Haubry v. Snow*, 106 Wn.App. 666, 678 (2001). Next, a plaintiff must show that he has suffered severe emotional distress because of that negligence, which is "manifested by objective symptoms." *Id.*

---

[8]*See* fn. 7, *supra*.

ORDER
Page - 14

Supanich offers no evidence to show how Kay or Pedigo's actions rise to the level of outrage. Participating in court proceedings or acting in one's professional capacity are not extreme or outrageous conduct, as a matter of law. Supanich has not asserted, much less demonstrated, any symptoms of severe distress, or any objective symptoms. Indeed, Supanich does not explain how Kay or Pedigo intentionally or negligently inflicted distress except to say that "zero evidence" has been shown by Defendants that he cannot prove these claims at a later time. Again, Supanich misunderstands his burden on summary judgment. Supanich must produce admissible evidence to demonstrate a genuine issue of material fact. *Celotex*, 477 U.S. at 324. Supanich's own statement is most apt here: "If she cannot support her own assertions with competent evidence, this court should not assume that such competent evidence actually exists." Pl.'s Resp. Kay Mot. Summ. J., 8. Since Supanich is unable to offer competent evidence regarding the IIED and NIED claims, the Court declines to speculate it might be there.

Defendants' motions for summary judgment on these issues are, therefore, GRANTED, and Supanich's IIED and NIED claims against both defendants are dismissed with prejudice.

**6)    Supanich's Claims Are All Barred by the Statute of Limitations.**

Defendants assert that summary judgment is also appropriate because all of Supanich's claims are barred by the applicable statute of limitations. Section 1983 does not contain a statute of limitations. When federal statutes do not contain a statute of limitations, then a court looks to the forum state's statute of limitations for personal injury cases. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Washington, the limitations period for personal injury cases is three years. *Southwick v. Seattle Police Officers John Does 1-5*, 145 Wn. App. 292, 297 (2008). In the instant case, any § 1983 claims accruing three years prior to the date this action was commenced, January 7, 2010, are time barred

Supanich's complaint details incidents in 2004 and continuing through March 2008. The limitations period on conspiracy claims begins to run on the date of the last alleged overt act causing the injury

complained of. *Bergschneider v. Denver*, 446 F.2d 569, 569 (9th Cir. 1971). In his response to Defendants' Motions for Summary Judgment, Supanich cites to the March 17, 2008 court proceeding as the last event or act where Kay and Pedigo conspired against him. However, as noted above, Supanich has not offered any evidence to demonstrate how the court proceedings in 2008 were conspiratorial. Simply asserting something happened is not sufficient evidence. Even if one assumes the 2006 incidents cited are evidence of conspiracy, they are beyond the period for the statute of limitations.

Defendants argue that Supanich's state claims are also time barred. The limitations period for custodial interference is three years. *Strode*, 9 Wn.App. at 21. The limitations period for assault and battery is two years. RCW 4.16.100. Abuse of a child, which can be equated to battery, also has a limitations period of two years. *Id.* Malicious prosecution and abuse of process fall within the personal injury statute of limitations, meaning the limitations period is three years. *Nave v. City of Seattle*, 68 Wn.2d 721, 724 (1966). The limitations period for defamation is two years, RCW 4.16.100, and invasion of privacy is also two years. *Eastwood v. Cascade Broad. Co.*, 106 Wn.2d 466, 474 (1986). Finally, intentional and negligent emotional infliction of distress claims both have limitations periods of three years. *Cox v. Oasis Physical Therapy, LLC*, 153 Wn.App. 176, 192 (2009).

Supanich's asserted 2008 claims are not sufficient evidence of a conspiracy. The claims he asserts in his complaint, which he also has not provided sufficient evidence for, are from 2004 and 2006, and thus, do not fall within the limitations periods. Therefore, since Supanich fails to provide evidence for any acts within two or three years, all of these claims are time barred.

Supanich finally asserts that statute of limitations periods do not apply to minors. Supanich is correct, but since he does not have standing to bring the claim on behalf of his daughter, this rule does not preclude summary judgment. Defendants' motions for summary judgment are, therefore, GRANTED, on the grounds that they are all time barred, and Supanich's claims against both defendants are dismissed.

## IV. CONCLUSION

Supanich has demonstrated no evidence in support of his federal and state claims. Even if evidence were available, Supanich's claims are all time barred and this Court does not have jurisdiction to hear a case with proceedings pending in state court. Defendants' MOTIONS for SUMMARY JUDGMENT are GRANTED and Plaintiff's claims are DISMISSED with PREJUDICE.

**IT IS SO ORDERED.**

Dated this 26th day of October, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Page - 17